# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CIVIL ACTION |
| $477,225 FROM B1 BANK ACCOUNT NUMBER 080030125069 IN THE NAME OF INTERSTATE CONSTRUCTION GROUP, INC. | 21-41-SDD-EWD |

## RULING

This matter is before the Court on the Motions to Strike Claim and Answer[1] filed by the United States of America ("the Government"). Claimant, Richard Hebert, Jr. ("Hebert") filed an untimely Memorandum in Support of Answer[2] in response to the Government's first Motion to Strike but filed no response to the most recent Motion to Strike. Hebert also filed an untimely and legally deficient Answer on behalf of Interstate Construction Group, Inc.[3] For the following reasons, the Government's Motions to Strike shall be granted.

## I.    BACKGROUND

On January 18, 2021, the Government filed a Verified Complaint for Forfeiture In Rem against the defendant property.[4] The Complaint alleges that this property was obtained from a violation of 18 U.S.C. § 1343 (wire fraud) and 18 U.S.C. § 1344 (bank fraud); thus, the property is subject to forfeiture to the Government under 18 U.S.C. §

---

[1] Rec. Doc. Nos. 7 & 20.
[2] Rec. Doc. No. 13.
[3] Rec. Doc. No. 5.
[4] Rec. Doc. No. 1.

981(a)(1)(C)-(D).[5]  On March 2, 2021, the Government sent direct notice of this Complaint, pursuant to Rule G(4)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules") via certified mail to the potential claimant, Richard Hebert.[6]  The notice of this forfeiture action advised that, if Hebert wished to assert an interest in the property, he was required to file a claim by April 9, 2021, and an answer or a motion under Rule 12 of the Federal Rules of Civil Procedure within 21 days after filing the verified claim.[7]  This notice provided clear, specific instructions on how to file a claim and an answer, and it offered the supporting rules specifying these requirements.[8] The notice also included the following language in bold: **Failure to follow the requirements set forth above may result in judgment by default taken against you for relief demanded in the Complaint. You may wish to seek legal advice to protect your interests.**[9]

On March 16, 2021, Interstate Construction Group, Inc., signed by Richard Hebert, Jr., filed a claim and purported answer in this matter.[10] The claim stated that, "Interstate Construction Group, Inc. The account number 0800301250069 with $477,225 Interstate Construction Group, Inc. has interest and declares the owner."[11] The claim continued: "Interstate Construction Group, Inc. attest [sic] and declare [sic] . . . ."[12] The answer stated in part that "Interstate Construction Group Inc. object [sic] to the forfeiture of the funds $477,225 with account number 080030125069 belonging to Interstate Construction

---

[5] *Id.*
[6] Rec. Doc. No. 7-2.
[7] *Id.*
[8] *Id.*
[9] *Id.* (emphasis in original)
[10] Rec. Doc. No. 5.
[11] Rec. Doc. No. 5, p. 2.  The claim erroneously references account number 0800301250069; however, the Government regards this as a typographical error.  The correct account number is 080030125069.
[12] *Id.*

Group Inc. and deny [sic] all allegations mentioned in the complaint for forfeiture of these funds," and these funds are "Paycheck Protection Program Funds" that "are not forgiven and ha[ve] to be repaid to B1 Bank in full."[13] On March 17, 2021, the Clerk of Court for the Middle District of Louisiana filed a letter into the record advising Hebert that "corporations and partnerships must be represented by counsel" and that "[w]ithin ten (10) days of the date of this letter counsel shall be enrolled on behalf of the corporation or the Court will take appropriate action."[14]

On April 28, 2021, the Government filed a Motion to Strike Answer, claiming the Answer[15] was invalid because it failed to provide any substantive response to the detailed allegations of fraud in the Complaint; therefore, it failed to comply with the requirements set forth in Supplemental Rule G(5)(b) and Fed. R. Civ. P. 8(b).[16] On July 7, 2021, Hebert filed a Memorandum in Support of Answer.[17] Hebert signed this filing individually but did not sign on behalf of Interstate Construction Group, Inc.[18] Notably, Hebert did not seek leave of Court to file the document out of time.

In addition to this matter, there are four other civil forfeiture actions filed against assets traceable to Hebert's alleged fraudulent scheme; all are at various stages of litigation, including two wherein the defendant property has been forfeited to the Government.[19] In all these actions, Hebert and/or his supposed entities were advised of

---

[13] *Id.*, p. 1.
[14] Rec. Doc. No. 6.
[15] Rec. Doc. No. 5-1.
[16] Rec. Doc. No. 7. No opposition to this motion has ever been filed.
[17] Rec. Doc. No. 13.
[18] *Id.*
[19] *United States v. Currency*, Civ. Action No. 20-cv-1295-RRS-CBW, Western District of Louisiana; *United States of America v. 1369 Madrid Street, New Orleans, Louisiana 70122*, Civ. Action No. 20-cv-2406-MLCF-JVM, Eastern District of Louisiana; *In Re: 2017 Lexus ES 350, 2013 Rolls Royce Ghost, $275,792 in Regions Bank Acc. No. 0218750184 in name of Interstate Construction Group Inc.,* Civ. Action No. 21-

the necessity of complying with the requirements of Supplemental G(5). In *United States v. Currency*, the government sent direct notice of this forfeiture action to Richard Hebert on October 15, 2020, which notice advised of the pertinent civil rules to follow and the process for filing a claim and answer, including filing an answer no later than 21 days after filing the claim.[20] The government filed a motion to strike Hebert's answer, which motion was granted on March 19, 2021, because it failed to comply with Supplemental Rule G.[21]

In *United States of America v. 1369 Madrid Street, New Orleans, Louisiana 70122*,[22] the government sent direct notice of this forfeiture action to Hebert on October 26, 2020, which notified him of the procedure for filing a valid claim and answer, including the requirements of filing an answer within 21 days after filing the claim.[23] The Court in that action granted the government's Motion to Strike Richard Hebert's Claim and Answer because they were untimely, noting that "courts appear to uniformly demand strict compliance with Supplemental Rule G(5)" and that "[Richard Hebert] apparently continues to repeat the same conduct in failing to comply with the rules applicable to claims in civil forfeiture actions."[24]

*In Re: 2017 Lexus ES 350, 2013 Rolls Royce Ghost, $275,792 in Regions Bank Acc. No. 0218750184 in name of Interstate Construction Group Inc.*[25] is no different from the others. The government sent direct notice of this forfeiture action to Richard Hebert

---

cv-94-GGG-DPC, Eastern District of Louisiana; *United States of America v. $365,600.00 From Investar Bank*, Civ. Action No. 21-cv-42-JWD-EWD, Middle District of Louisiana.
[20] Civ. Action No. 20-cv-1295-RRS-CBW, Western District of Louisiana, Rec. Doc. No. 20-4, pp. 1-3.
[21] Civ. Action No. 20-cv-1295-RRS-CBW, 2021 WL 1099588 at *3-4 (W.D. La. Mar. 19, 2021).
[22] Civ. Action No. 20-cv-2406-MLCF-JVM in the Eastern District of Louisiana.
[23] Rec. Doc. No. 20-2.
[24] Civ. Action No. 20-cv-2406-MLCF-JVM, 2021 WL 5232472 at *2-4 (E.D. La. Nov. 10, 2021).
[25] Civ. Action No. 21-cv-94-GGG-DPC in the Eastern District of Louisiana.

on March 23, 2021.[26] The Court in that proceeding granted the government's Motion to Strike, and Hebert's filed memorandum in support of his answer was stricken because it was untimely, having been filed "more than one month after the extension deadline" and determining that he "did not obtain consent or move for leave to amend his answer."[27]

In *United States of America v. $365,600.00 From Investar Bank*,[28] the government sent direct notice of this forfeiture action to Richard Hebert on March 19, 2021, which notified him of the specific process for filing a claim and answer, including the requirement of filing an answer no later than 21 days after filing the claim.[29]

## II.  LAW AND ANALYSIS

The Government contends Hebert's Memorandum in Support of Answer should be struck as untimely. Indeed, Supplemental Rule G(5)(b) requires that: "[a] claimant must serve and file an answer to the complaint or a motion under Rule 12 within 21 days after filing the claim." The uncontroverted record demonstrates that the Government complied with this requirement. The deadline for Hebert to file a timey Answer or Motion was April 9, 2021. While Interstate Construction Group, Inc. filed a timely claim/answer on March 16, 2021, it was invalid because it failed to satisfy Rule 8 of the Federal Rules of Civil Procedure by providing only a general denial of all allegations in the Complaint, and it was also invalid as a matter of law because a corporation may not represent itself *pro se* in federal court.[30] In *Memon v. Allied Domecq QSR*, the Fifth Circuit reiterated the

---

[26] Rec. Doc. No. 20-3.
[27] Civ. Action No. 21-cv-94-GGG-DPC, Rec. Doc. No. 44, pp. 3, 5.
[28] Civ. Action No. 21-cv-42-JWD-EWD in the Middle District of Louisiana.
[29] Rec. Doc. No. 20-4.
[30] The Clerk of Court for the Middle District of Louisiana advised Hebert that a corporation must be represented by counsel; however, there is nothing indicated in the record that any counsel ever enrolled on behalf of Interstate Construction Group.

Supreme Court's now well-settled rule of law "that a corporation cannot appear in federal court unless represented by a licensed attorney."[31] Individually, Hebert did not file his Memorandum in Support of Answer until July 7, 2021, three months past the deadline.

The record reflects that Hebert was provided with numerous notices and opportunities to properly cure his filing defects, on behalf of himself and Interstate Construction Group, Inc. Further, because several other forfeiture proceedings in this and other courts have been ongoing contemporaneously with this case, Hebert cannot claim inadvertence or lack of knowledge regarding these requirements. The Court acknowledges that "*[p]ro se* pleadings are to be held "to less stringent standards than formal pleadings drafted by lawyers."[32] However, a *pro se* litigant is not entitled to greater rights than would be a litigant represented by a lawyer,"[33] and as set forth by the district court for the Eastern District of Louisiana regarding Hebert: "Courts grant leniency to *pro se* litigants, but this leniency has its limits.[34] This Court agrees. It cannot be said of Hebert's conduct in this particular matter that his failure to comply with the applicable rules is an innocent mistake, given the litany of notifications of timely filing procedures explained to him though this and other federal court forfeiture proceedings. The record demonstrates that he has failed to comply with the law in each instance, no matter how many times he has been admonished or received instructions on how to properly plead.

Notably, in *United States of America v. 1369 Madrid Street, New Orleans,*

---

[31] 385 F. 3d 871, 873 (5th Cir. 2004)(citing *Rowland v. California Men's Colony*, 506 U.S. 194, 202, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993) ("the lower courts have uniformly held that 28 U.S.C. § 1654 ... does not allow corporations, partnerships, or associations to appear in federal court otherwise than by licensed counsel").
[32] *Berry v. LoanCity*, 489 F.Supp.3d 441, 446 (M.D. La. 2020)(cleaned up).
[33] *Id.* (cleaned up).
[34] *United States of America v. 1369 Madrid Street, New Orleans, Louisiana 70122* , 2021 WL 5232472, *3 (E.D. La. Nov. 10, 2021).

*Louisiana 70122*, another forfeiture proceeding involving property of Richard Hebert, the court stated that "courts appear to uniformly demand strict compliance with Supplemental Rule G(5)" and that "[Richard Hebert] apparently continues to repeat the same conduct in failing to comply with the rules applicable to claims in civil forfeiture actions."[35]

Hebert has again repeated this error and failed to take measures to cure same. The Government's motions shall be granted.

### III.   CONCLUSION

For the reasons set forth above, Motions to Strike Claim and Answer[36] filed by the Government are GRANTED. The following record documents are to be struck from the record: Record Document Numbers 5 and 13.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 22 day of February, 2022.

_Shelly D. Dick_
**SHELLY D. DICK, CHIEF JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[35] 2021 WL 5232472 at *2-3. *See also United States v. $38,570 U.S. Currency*, 950 F.2d 1108, 1115 (5th Cir. 1992) (in addition to striking the claim because it was untimely, the Court likewise struck the answer as untimely).

[36] Rec. Doc. Nos. 7 & 20.